Anthony Lennon and Others v. Marriott Ownership Resorts. Good morning, morning. My name is Jeffrey Norton. May it please the court. This action concerns validity of the MVC Trust product, a points-based program that purports to be a... I'm sorry. I don't know. I know. I don't understand. Someone may have their live stream on, which has some sort of gap. If everyone else can maybe mute while you go, and maybe, Mr. Norton, if there's anyone in your office who's listening to this on I think that would stop the echo. Yeah, there's not. It's just me. It's kind of how I feel, Mr. Norton. Okay, why don't we, again, take it from the top. Thank you very much. May it please the court. This action concerns validity of the MVC Trust product, a points-based program that purports to be a non-specific multi-site timeshare plan selling intangible property timeshare estates as beneficial interest in a Florida land trust. On this appeal, we ask only that your honors apply Florida statutory law as written and rule consistent long-standing well-established legal precedent. The court will not be asked to reconcile incompatible statutes, draw inferences about legislative intent, or overrule a century of not property, they're not timeshare estates, they're not beneficial interest in a trust. At most, the MVC points called B.I. amount to contractual use licenses for various Marriott-owned properties. The district court never attempted to assess whether B.I. was real property. It merely accepted that as fact. Affirming the orders below would require your honors to infer that through a handful of targeted amendments to the Florida Timeshare Act and the Land Trust Act in 2013 and 2015, several years after this product came to be, the Florida legislature intended to retroactively eviscerate bedrock principles of real property law and render Florida's recording laws meaningless by recognizing intangible real property as the legal equivalent of partitioned simple Florida land. However, unlike legally describable parcels of land, intangible real property is apparently capable of being created in an unlimited supply by the seller, can cease to exist at the whim of the seller, neither the scope of its interest nor its value can be readily ascertained, and it cannot be located by a surveyor. Notwithstanding, legal title to intangible land can apparently be conveyed by warranty deed recorded anywhere in the state of Florida and can be insured through a title policy. And even if you were to accept the notion that by implication intangible land is recognized under Florida law, we can still demonstrate that the NBC Points product cannot be a valid timeshare estate, rendering the NBC product void. For example... Mr. Norton, I have a kind of a fundamental question in this case. I'm sure you have an by this. It seems odd to me because it seems like the nature of your argument is that if you are correct in voiding these deeds, only then would your clients be harmed. As long as the deeds are not void, then they have what they thought they were getting. So what am I missing here? How have they been harmed? How have they been injured by what happened here? Well, it's a fiction that they got what they bargained for, because there is no real property interest underlying these deeds. And how they were harmed is apparently going through this whole process, they had to pay title insurance on these, recording fees, all sorts of things that they would not have to pay had this been sold as timeshare licenses or like membership points, which is basically what they are. But by packaging this real estate, the purchasers are burdened with not just the recording costs and title insurance fees, they're also burdened with the expenses and everything assessed to this trust that's been passed along to purchasers who believe they have actual real property and they do not. So there are financial consequences between the difference of getting actual real estate and getting points, which are not real estate. Okay, but I mean, so I get that, I get that argument. But that's only if you if you void the deed, right? No one else in this case is arguing that the deeds are void. The Florida legislature has passed some statutes to try to make sure that these things are treated as real estate. Um, so, and I mean, I just honestly, this is just a question about injury in fact, and you're standing to bring this this claim. I mean, if, if we it seems if we agree with the other side, that what the Florida legislature did fix this problem, made these real estate interest real estate interest, then there's just no issue here. You're not your clients aren't injured at all. Doesn't seem to be any sort of real in I mean, correct me if I'm wrong, but it doesn't seem to be the the injury that seems to happen here is sort of like a legal fiction injury that there's no real actual injury. And I mean, how are they hurt? We believe they're hurt because had this had these not been sold as actual real estate, and I can show you that the legislature did not change. You know, there are very various types of real estate interests. And, you know, could this be a type of real estate interest? Potentially, but it's but it's not. And I can prove that by the language of the statute, both in 2010, and today. But the injury, there's certainly an injury in the fact that you are sold something as real estate, and then put, you have to pay your title insurance and recording fees and transfer tax on something that's not real estate at all. So there is the injury, you know, that even at that simple level, that's the injury. So setting aside what they're, you know, what they're apparently tied to, and they do not have marketable real estate. I mean, they're bound to something that's being called real estate, that's not real estate. And I can show you that the timeshare statute expressly excludes these type of interests from being timeshare estates 721. The 721 52 describes non specific multi site timeshare states is not timeshare state or multi site, not specific multi site timeshare plans cannot have timeshare estates in them. According to the statute, only specific multi site timeshare plans can contain timeshare estates. And those are where someone gets an actual unit and a component site. None of the timeshare states are a unit, they are tied to real property, actual real property points are not property under any law. And in order to find otherwise, you would have to agree with defendants that by implication, the Florida legislature created an intangible property right on par with actual partitionable land. Council assume for the moment that what your clients have meets the definition, other than the last sentence of timeshare estate in the timeshare statute. Assume that for me for a moment. I know you dispute that because I know they don't meet that one portion of the statute because of independence issues and, and trustee issues and things like that. But assume that for me for the moment. Doesn't the last sentence say exactly the opposite of what you just said that a timeshare estate is a interest in real property or is real property? Your honor, I'm not going to dispute that that's what the sentence says, but you but statutory construction, you can't read a sentence in a vacuum. If you look at the remainder of the entire provision, it talks about the simple interest. And if that were the law, if you could simply call something a timeshare estate, and it would be real property, then anything could be real property that you can imagine. Isn't that exactly what the legislature can do? In other words, one of one of the classic functions of state law is the definition of what is property. And why can't the state define for itself what real property is for purposes of that state? Well, the state, your honor, the state hasn't done that. And there's not one place. And then that sentence, it seems to declare that what is a timeshare estate is real property. And, and again, you're, I'm assuming I'm asking you to assume a lot. So you have not conceded anything. I'm gonna ask you to assume some other things that I know you don't necessarily concede. But if I look at all of this, if I look at the allegations in the light most favorable to you, and I find that they meet all those definitions of timeshare estate, and a timeshare estate is defined by the legislature as real property or an interest in real property, then I don't know how the deed somehow falls since real property is exactly what can be deeded. Well, real, a legal title to real property can be, can be deeded. And that didn't exist here either. But like I'm saying, you cannot read a sentence in a vacuum because it wouldn't make sense because it has to, it's, in our view, that sentence, which is inartially crafted, is saying it's an affirmation. It's saying that, that timeshare estate must be a parcel of real property. And it's saying that it's a state of being. And it's saying that it is a state of being with regard to any other provision in the timeshare act. Legislatures make drafting choices. And I haven't done it yet. I can do it very easily. But I assure you, the Florida legislature knows how to use the term must. And I assure you, they know how to use it in the timeshare act. And, and yet didn't. And so it doesn't say must be, but it says is, it is a state of being. If you read it like that, it would simply, it would negate all the preceding sentences of that, of that particular paragraph. I don't, that's, that's what I have trouble understanding. So the way I read that, and again, tell me if I have this wrong, but the way that statute is, the way the definition statute in the timeshare act is set out, it has three or four alternatives. A timeshare estate can be X or it can be Y or it can be Z or it can be A. Here it's A. And then at the end of it, there's a period at the end of what the, the oars. And at the end of it, that says timeshare estate is real property, or it says interest in real property. I, I, I have to, I have to look down to find it. And I'm, I want to look at you directly. So it says one of those two things. So given that, isn't that a declaration that all of those things, all of the oars, X, Y, Z, and A are all real property. I disagree. I think that that is saying it's basically saying, yes, it can be, it can be A, it can be B, it can be C, but in any event, it's a timeshare estate. It has to be a parcel of real property in any event, because it doesn't make sense. Otherwise, how could that, then it would render the preceding paragraphs. Because if you look at, for instance, they say, this is a timeshare estate that complies in all respects to 720-108. If you go to 720-108, and go through those steps, the very purpose of those steps is to ensure that someone is getting an actual real estate parcel. Is it to ensure that there's a fiduciary on behalf of the purchaser, who's ensuring that there's an actual... It's not just 08, but it's 08 subsection 2, subsection C4, which goes to duties of the and some things regarding the trustee. And I'm having trouble reading the complaint to to find that those things haven't been met here, as defined by the statute. Well, Your Honor, they're clear, the district court went through zero analysis to see if those had been met. And none of the defense have even argued how they've been met. These two statutes operate for very different reasons. Whereas the timeshare statute is a daylight statute, full disclosure, making sure fiduciary duties are dutifully carried out. The Land Trust Act is about privacy and keeping things secret and zero disclosure. Nothing needs to be recorded other than one item, a time, a trustee deed, putting things in there. Everything else is meant to be non-disclosed. I see my time's up, but if I can continue, I will. But when you put it that way, you've got some time for rebuttal, so we'll let you continue then. All right. Thank you, Your Honor. Thank you. I'm not sure which counsel wants to proceed first. I see somebody on the screen. Could I get the next counsel who's going to speak to introduce themselves? Yes, Your Honor. I'm sorry. I was unmuting myself. All right. Thank you. Elliot Shurker on behalf of the Marion defendants, the three lawyers here this morning have divided their time, five minutes apiece. I'll be addressing counsel one and two of the complaint beginning with count one, the judgment on the pleadings. The dispositive question is whether the district court properly looked to extrinsic evidence to identify the property that's conveyed to the plaintiffs by the MDC consumer deed, which conveyed real property under Florida law. A timeshare estate, which expressly is stated in the deed, is what is being conveyed, created by a beneficial interest in the MDC trust. That interest is described in the MDC trust, a recorded document, as real property. And the MDC consumer deed specifically identifies the MDC land trust memo with a date and recordation detail, the signatories, the trustee, the grantor, the beneficial interest, the grantee being the plaintiffs, and the number of beneficial interests identified by alphanumeric codes that satisfies the Florida law requirement for resorting to extrinsic evidence because the deed clearly contemplates an identifiable property interest that is being conveyed a timeshare estate such that extrinsic evidence can be used to identify the property. And that extrinsic evidence is the MDC trust memo, which identifies real property in the trust and all of the notices of addition, which identify the real property and the declaration of condominiums for the declaration of condominium for that real property in the public records. And it's also a recorded document. I'd note that the purchase documents also identify the beneficial interest and the same ID numbers that appear in the deed itself. The extrinsic evidence that is sufficient, therefore, to identify the real property interest that's being conveyed by the MDC consumer deed. And we refer the court particularly to the Mendelson decision on which the district court relied and on which we rely. It's 7-12-7-2, page 1194. We're looking at 1197. But the court said a property description may be aided by reference to the public records if the instrument contains information to sufficient to identify the property through that line of inquiry. Extrinsic facts pointed to in the description may be to ascertain the land conveyed and the property may be identified by extrinsic evidence, as in the case of the records of the county where the land is situated. That's precisely what the deed does. It identifies the MDC land trust memo, it identifies notice of addition, and it tells the surveyor exactly where to find what the interest is. And that interest is an undivided interest in the MDC trust property. Mr. Scherfer, you don't have a ton of time. I would I discuss with Mr. Norton about whether the timeshare estate is actually a property interest. 721.0534, Your Honor. The final sentence, which was the subject of your discussion with my opposing counsel, a timeshare estate is a parcel of your property under the laws of the state. Now, I believe I heard counsel say repeatedly that it doesn't make sense in light of the rest of the paragraph. But the rest of the paragraph, as Your Honor noted, states timeshare estate means a direct or indirect beneficial interest in a trust that complies in all respects with section 721.082c4. That is a definition of a timeshare estate, and a timeshare estate is real property. In the allegations of his complaint, has he alleged that there was a failure to comply with .082c4? His contention in the complaint is that the statute doesn't say what it is that a timeshare estate has to be, as he said this morning, has to be a parcel of real property. It does not under Florida law. And we also, of course, have 689.071, which specifically says in so many words, the interest of the land trust beneficiaries are real property. That's up section six. So there are two places in Florida statutes that specifically say that an interest in a land trust or a timeshare estate is real property. Now, what was conveyed by the deed was a timeshare estate. What the Lennons bought was an interest in the land trust. Both of those things under section 689.071 and 721.05 are real property under Florida law. And it is, of course, the legislative prerogative to define what is real property under Florida law. Real property is conveyed by a deed. The MVC trust document itself says, document 124.13 at page nine, specifically says the interest of each beneficiary in the trust will be evidenced by a deed issued to the beneficiary at the time of the closing. And that's precisely what happened. The same alphanumeric interests that are identified in the purchase document are identified in the deed that passed the property on to the Lennons as a matter of law under Florida law. That's real property. It can be conveyed. And because it's real property, the court can look to extrinsic evidence to locate that property in the jurisdiction where it's situated. Thank you. Thank you. Good morning. May it please the court. My name is Donna Welch and I represent First American title. I will not reiterate arguments with respect to counts one and two. I was slated to address the remaining counts against First American. Those are counts three, five, six, seven and eight and the two Rico counts. Can you address for me the shotgun pleading issue? Because I think you were named in those counts too, right? Yes. With respect to the shotgun pleading dismissals in particular of counts six, seven and eight, I continue to struggle as I read those counts even today to understand what in particular any of the defendants are alleged to have done, most particularly the First American defendants. I think shotgun pleading also dooms count three, but the court didn't independently dismiss on that basis. I'm not allowed to talk for another 50 seconds, so that's why I'm not talking. With respect to count three, I'd simply point out that plaintiffs concede here that there is no private right of action under the statute. They concede that under any event the claim would not be right because there was no claim made under the Lenin's title policy. Their alternative basis for count three is simply that if this court were to hold that the program itself is void and the deed is void under count one, then the title policy should be void as well. I think Mr. Shirker explained that well. We believe because the timeshare statutes explicitly say, as your honor pointed out, that the timeshare estate is real property. Counts one and two should be dismissed and count three falls with it. If I can go back to the shotgun pleading, let's assume for the moment, and I'm only speaking for myself, that I tend to agree with you that the counts that the district court identified were shotgun pleadings and violated the Weiland category three and Weiland category four shotgun pleading standard. Here's my issue that I want you to address. In the original order dismissing for shotgun pleadings, the trial court said that it violated categories one and two and gave specific instructions on how to fix it as it's required to do, consistent with categories one and two. And yet when the complaint came back, the trial court actually was quite clear that it no longer violated one and two, at least with regard to the counts, not the punitive damages count. That still had some problems. And maybe count three, but at least with regard to, I think it's nine, ten, and maybe 12, the other three that we're talking about. Those were different. And where that's the case, do we not give a party a further opportunity to amend and correct where it's a shotgun pleading, but a different shotgun pleading problem than the one that was originally identified? I'd respond with three points, your honor. The first is that while you're correct that the court didn't identify additional deficiencies with respects to prongs one and two or issues one and two, the intent here is still to provide notice to a party of what specifically they did wrong. And despite a lengthy complaint and two attempts here, the intent isn't here. Second, what I would say is I think regardless, the court isn't required sua sponte to give the ability to replead. And here, 17 months passed between the first complaint and the second complaint. The parties were represented by counsel and there was never a request to replead. Well, under day work, we've said that where there's dismissal for shotgun pleading under rule eight, we do have to give an opportunity to correct. And I guess my question is where the opportunity to correct is for something else and they appear to correct that and then did something else wrong. Does that original warning count as the one warning? And if so, that seems a little unfair. Maybe it's not, I don't know, but it seems a little wrong where we're doing sua sponte dismissals without the opportunity to correct. But what's the state of our law? I think the law would say that where they're represented by counsel and they still fail to submit something that is not a shotgun pleading and compounded, they do not seek the ability to replead a sua sponte dismissal with prejudice is appropriate here. I'd also point to the fact that separate and apart from the shotgun pleading issue on the merits, these claims should be dismissed. And it appears I'm out of time. Thank you. Thank you. I guess that leaves you. May it please the court, Jessica Connor, on behalf of Orange County, I'll be dressed for alleging negligence against Orange County for recording the D's and the other instruments. In Florida, a plaintiff cannot assert a gun law claim for negligence based on a statutory violation. Thus the statute contains clear language indicating excessive or implied legislative intent to create a private right of action. Here, the statute at issue is section 28.222, which establishes the clerk of court's authority to record and maintain records in the official records of the county. The plaintiff has the alleged negligence based on a statutory violation of 28.222. But because 28.222 clearly contains no language demonstrating a legislative intent to create a private cause of action, plaintiffs, the district court correctly granted summary judgment stating the cause of action based on the statute. Uh, because there's no intent to create a private cause of action. Now, the plaintiffs have tried to get around this argument by claiming, no, our claims aren't statutory. They're common law claims premised on a statute. Now, this is just semantic and the exact argument has been made in every court that has addressed this issue about whether a statute creates intent to allow it to serve as a and by the Florida Supreme Court in Murphy. Every single time the court said legislative intent is key before a plaintiff can assert a common law negligence claim, a violation of that statute. In Fuller in 2012, the middle district expressly analyzed section 28.222 and said not be based on that statute because 28.222 contains absolutely no language. Let's assume that I completely disagree with you when you're reading in Murphy that you cannot allege a violation based on the statutory duty. What is your other argument for why you should win on a motion to dismiss for failure to state claim? Well, this is a summary judgment. The district court held that the plaintiff could not see the cause of action and then also held even if they could state a private cause of action arising out of this statute, the county committed no negligence because the county is required to record the deeds and the other instruments at issue here. It had no discretion to pass upon the legal sufficiency of those records when it reported them. The plaintiffs would have the clerks of court of the state of Florida act as real estate lawyers or surveyors or judges these legal documents and come up with a determination as to whether they sufficiently describe the property so that they could be a valid enforceable instrument. Clearly that is not the burden that Florida statutes place on the clerk to pass upon when deciding to report an instrument. There is no discretion. If the instrument is properly executed, that is it's signed, it's notarized, it's legible, the clerk has to record the document and if the statute says this is a document that can be recorded and these documents clearly are the that a clerk must record, their deeds, their mortgages, or their other instruments pertaining to an interest in a real property which all of these documents were, it actually held that the property descriptions in these deeds were in fact legally sufficient and proper. So if a learned federal judge can come to the conclusion that these legal descriptions are proper, even if the judge is wrong, clearly reasonable minds could disagree and how can a clerk, why should a clerk of court know better than a federal court judge whether these documents are legally sufficient to constitute a deed or could be enforceable to protect the person's interest who wants their interest protected based on the deed. Clearly the clerks of court don't have that legal training and there is no burden pursuant to Florida statute placed on the clerks to make such a determination. These documents were deeds, they were mortgages, they refer to interest and timeshare at states which are real property and the clerk properly recorded them, was not negligent at all in recording them. So the district court was correct, there's simply no cause of action, even if there was, there is absolutely no evidence of negligence by the court who would ask that the decision of the lower court be affirmed. Thank you. Thank you, Ms. Connor. Mr. Norton. Yes, thank you. I'd like to make a few points. First of all, all the law that defense have relied upon is current law and not in 2010. In 2010, none of these arguments would have been possible because in 2010, it was even more clear that these type of interests were not real property interests and that, but let me, I mean, and that's both the timeshare act and the land trust act. This trust couldn't even hold out-of-state properties under 2010. At least with regard to the definition of timeshare though, that was the same in 2010, right? That was, but there was other elements that in specifically the non-specific timeshare estate, which changed somewhat, but in 2010, the non-specific timeshare estate could only have personal timeshare licenses and personal property. So it couldn't even have a timeshare estate. And I, we believe the law is still the same on that point. As far as the deeds go, the extrinsic evidence here is parole evidence. The court was clearly wrong. It was right the first time that, that, that the deed was, is it on his face, ambiguous and invalid. When it reversed itself with extrinsic evidence, the NOA, the two points that they, they, they look at the two points of evidence, the NOA and the memorandum of trust do nothing to explain what the, the interest conveyed are because the interest conveyed are not part of the trust. They're kind of separate from the trust. The NOA only talks about the trust in general, but the trust in general holds properties that aren't available to purchasers. So therefore the NOA has no information about the interest that was conveyed by that deed. Neither does the trust memorandum. So extrinsic evidence would help, would not help a surveyor discern what interest has been conveyed. You couldn't, you couldn't understand the value of it. You couldn't understand the percentage of the trust. There's no way that a surveyor would be able to ascertain what someone owns from that deed. And plus, you know, and then so much time, so I want just a shotgun pleading. And I think your honor was right that we've only had one opportunity to, we fixed the problems the judge first identified in the first motion. The second motion, he identified totally separate problems and never gave us an opportunity, didn't even give us an opportunity to amend or move to amend because he said, you're not going to, I'm sui sponte going to deny the ability to amend the complaint. And I think that goes squarely against this court's decision in Brisson before it. What, let me ask you this, what, what claims survive if we agree with the district court on count one, if we say that these deeds are, are real property deeds and are valid, do any of these other counts continue or do they all fall? No, actually all of, count one would pretty much either move the need for multiple counts or prove their sufficiency. However, every single count has independent sufficiency. So even if you agree with the court on count one, we could still demonstrate every single count, why every single count was sufficient on its own. All right. Anything further from my colleagues? No, you're good. Thank you, Mr. Norton. We've got the case. We'll take it under advisement. And my watch says we'll call it 1045. We'll just reconvene in five minutes at 1050. If that gives everybody enough time. All right. Thank you. Thank you.